United States Court of Appeals
Fifth Circuit

**F I L E D**

September 21, 2004

Charles R. Fulbruge III
Clerk

REVISED OCTOBER 13, 2004
IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-20345
_____

UNITED STATES OF AMERICA

                Plaintiff - Appellant-Cross-Appellee

v.

RODRIGO ACUNA-CUADROS, also known as Rodrigo Cuadros-
Acuna

                Defendant - Appellee-Cross-Appellant

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

Before KING, Chief Judge, and JONES and SMITH, Circuit Judges.

PER CURIAM:

This case involves the proper application of the sixteen-level
"crime of violence" sentence enhancement under § 2L1.2(b)(1)(A)(ii)
of the Sentencing Guidelines. The defendant was convicted after a
bench trial of illegal reentry after deportation following a
conviction for an aggravated felony, in violation of 8 U.S.C.
§ 1326(a) and (b)(2). The district court did not apply the
enhancement because it found that the aggravated felony, the Texas
crime of retaliation, did not qualify as a "crime of violence." In
accordance with our recent decision in United States v. Calderon-

Pena, No. 02-20331, 2004 WL 1888407 (5th Cir. Aug. 24, 2004) (per curiam), we hold that the defendant's retaliation conviction does not "ha[ve] as an element the use, attempted use, or threatened use of physical force against the person of another" for purposes of the sixteen-level "crime of violence" enhancement and we therefore AFFIRM the defendant's sentence.[1]

## I. Background

Rodrigo Acuna-Cuadros, a Mexican citizen, was indicted for the offense of retaliation under Texas law.  In November 1995, Acuna-Cuadros pled guilty and was placed on six-years probation, but in November 1996, his probation was revoked and he was imprisoned.  In 1999, Acuna-Cuadros was released from prison and deported to Mexico.  Sometime in 2001, Acuna-Cuadros reentered the United States and was consequently convicted under 8 U.S.C. § 1326 for illegally entering the United States after having been deported following a conviction of an aggravated felony.

At the sentencing hearing, the district court sentenced Acuna-Cuadros to twenty-four months imprisonment, followed by three years supervised release, and ordered him to pay a one-hundred dollar special assessment.  The district court did not apply the sixteen-level enhancement to Acuna-Cuadros under § 2L1.2(b)(1)(A)(ii) of

---

[1] Acuna-Cuadros also argues that the district court erred in denying his motion to dismiss his indictment because his 1999 deportation was constitutionally invalid.  However, Acuna-Cuadros acknowledges that this argument is foreclosed by this court's decision in United States v. Lopez-Ortiz, 313 F.3d 225 (5th Cir. 2002).

the Sentencing Guidelines, which is applicable if a defendant has been previously deported following a conviction of a "crime of violence." The court found that an offense under the Texas retaliation statute did not qualify as a "crime of violence" within the meaning of § 2L1.2(b)(1)(A)(ii) since the offense did not have as an element the use, attempted use, or threatened use of force. In making its determination, the district court looked to the Texas retaliation statute, but not to the underlying facts of Acuna-Cuadros's offense.

The United States appealed and contends that retaliation is a "crime of violence" under § 2L1.2(b)(1)(A)(ii) of the Sentencing Guidelines, and thus, that the district court improperly rejected the enhancement.

## II. Standard of Review

We review the district court's application of the Sentencing Guidelines de novo and its findings of fact for clear error. United States v. Mitchell, 366 F.3d 376, 378 (5th Cir. 2004).

## III. Discussion

Our recent decision in Calderon-Pena disposes of this case. The question before us here, as in Calderon-Pena, is whether the Texas offense, retaliation, has as an element the use, attempted use, or threatened use of physical force.

Our inquiry "looks to the elements of the crime, not to the defendant's actual conduct in committing it." Calderon-Pena, 2004

3

WL 1888407, at *2. The retaliation statute under which Acuna-Cuadros was convicted provides in relevant part:

> (a) A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:
>     (1) in retaliation for or on account of the service or status of another as a:
>         (A) public servant, witness, prospective witness, or informant; or
>         (B) person who has reported or who the actor knows intends to report the occurrence of a crime . . . .

TEX. PENAL CODE ANN. § 36.06 (Vernon 1995). No portion of the statute itself requires physical force. Although, as a matter of simple logic, the offense <u>can involve</u> the application of physical force, it <u>need not</u> involve physical force to maintain a conviction. <u>Calderon-Pena</u>, 2004 WL 1888407, at *4. Therefore, the Texas statute plainly does not have as an element the use, attempted use, or threatened use of physical force.

The government relies on the narrow exception that the court may look to the indictment whenever a statute has a series of disjunctive elements to determine which elements a defendant's conviction satisfies. <u>Calderon-Pena</u>, 2004 WL 1888407, at *3. The government contends this exception applies here because the term "harm" is defined as "anything reasonably regarded as <u>loss, disadvantage, or injury</u>, including harm to another person in whose welfare the person affected is interested." TEX. PENAL CODE ANN. § 1.07(a)(25) (Vernon 1994) (emphasis added). The government further contends that a subset of injury is bodily injury, which is

4

defined as "physical pain, illness, or impairment of physical condition." TEX. PENAL CODE ANN. § 1.07(a)(8) (Vernon 1994). The government therefore argues that the statute contains a series of disjunctive elements that enables the court to look to the indictment to see which specific elements were violated. The indictment specifically averred that Acuna-Cuadros intentionally and knowingly harmed another--striking and choking his sister-- because she was a prospective witness against him in another proceeding. Thus, the government concludes that Acuna-Cuadros must have been convicted of the crime of inflicting physical pain or impairment of a physical condition, and since physical injury was an element of the offense, Acuna-Cuadros was convicted of a crime of violence.

First, even if we were to read the definition of the word "harm" in such a way as to import elements into the retaliation offense, a questionable procedure, none of the words that define "harm"--loss, disadvantage, or injury--requires the use of physical force. Thus, force is still not an element of the crime, even when the statute is supplemented by the definition. The government's argument that "bodily injury" in § 1.07(a) is a source of disjunctive elements that involve physical force fails because neither § 36.06 nor the definition of "harm" employs the term "bodily injury;" the definition of "harm" includes only "injury."

Second, under the exception, we could only look to the indictment to determine which of the disjunctive elements a

5

defendant's conviction satisfies.  <u>Calderon-Pena</u>, 2004 WL 1888407, at *3.  This court has specifically held that "[a]lthough the actual conduct described in the indictments could be construed to involve the use of physical force against the person of another, that is irrelevant" in determining whether physical force is in fact an element of the offense.  <u>Calderon-Pena</u>, 2004 WL 1888407, at *2.  Applying this rule and accepting arguendo the government's argument that the definition of "harm" imports disjunctive elements into the offense of conviction, we could consider that Acuna-Cuadros struck and choked his sister only to determine under which alleged element (loss, disadvantage, or injury) Acuna-Cuadros was convicted.  We could not, however, consider those same facts to determine, much less conclude, whether the use, attempted use, or the threatened use of physical force is an element of the retaliation statute.  The rationale for this rule, as articulated in <u>Calderon-Pena</u>, merits repeating here:

> Under that approach, of course, the analysis of the statute would be superfluous: the determinative factor would be the forcefulness of the defendant's underlying charged conduct, regardless of the statute of conviction. Each conviction under the . . . statute would then require its own individualized "use of force" inquiry, asking whether a particular method of [violating the statute] involves force.  This cumbersome approach would essentially excise the "element" language from the Guideline.

<u>Calderon-Pena</u>, 2004 WL 1888407, at *3.  So even accepting the government's proposition that the court may look at the indictment pursuant to the exception, we cannot use the fact that

6

the offense involved the use of force to conclude that force is an element of the statute. Thus, given the plain meaning of the statute and the purported disjunctive elements, the use, attempted use, or threatened use of physical force is simply not an element of the Texas retaliation statute. As such, an offense under the retaliation statute is not a "crime of violence" and the district court properly rejected the sixteen-level enhancement to Acuna-Cuadros's sentence.

## IV. Conclusion

For the foregoing reasons, Acuna-Cuadros's sentence is AFFIRMED.[2]

---

[2] Judge Jones concurs in the judgment only, subject to her dissent in <u>Calderon-Pena</u>, 2004 WL 1888407, at *6.