**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 10, 2004**

Charles R. Fulbruge III
Clerk

**THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

————————————————

No. 03-40490

————————————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ISMAEL MARTINEZ-MATA,

Defendant - Appellant.

————————————————————————————

Appeal from the United States District Court
For the Southern District of Texas, McAllen
(No. M-02-CR-696-1)

————————————————————————————

Before GARZA, DEMOSS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

This case involves the application of the sixteen-level "crime of violence" sentence enhancement under § 2L1.2 of the U.S. Sentencing Guidelines. Appellant Ismael Martinez-Mata's sentence for illegally reentering the United States in violation of 8 U.S.C. § 1326 included a sixteen-level enhancement based on a prior conviction of the Texas crime of retaliation. Martinez-Mata contends that the retaliation offense is not a "crime of violence," as required by § 2L1.2(b)(1)(A)(ii), because it does not have as an element the use, attempted use, or threatened use of physical force against another person. Guided by our recent decisions, *United States v. Acuna-*

1

*Cuadros*, 385 F.3d 875 (5th Cir. 2004), and *United States v. Calderon-Pena*, 383 F.3d 254 (5th Cir. 2004), we hold that the defendant's retaliation conviction is not a crime of violence for purposes of sentencing enhancement. We therefore vacate the sentence and remand for resentencing. Additionally, we reject Martinez-Mata's claim that the "felony" and "aggravated felony" provisions in 8 U.S.C. § 1326(b)(1) and (b)(2) are unconstitutional.

## I. FACTS AND PROCEEDINGS

Martinez-Mata is a citizen of Mexico who was deported from the United States following a guilty plea in Texas state court to the offense of retaliation.[1] On September 26, 2002, Martinez-Mata was detained by the United States Immigration Services in Hidalgo, Texas, after attempting to reenter the United States illegally. He was charged with illegal entry after having been deported, in violation of 8 U.S.C. § 1326(a)–(b). On November 21, 2002, Martinez-Mata pleaded guilty to the indictment.

Sentencing proceedings began on March 5, 2003. The Presentence Investigation Report ("PSR") determined that Martinez-Mata's base offense level was eight according to § 2L1.2(a) of the 2002 U.S. Sentencing Guidelines. Pursuant to § 2L1.2(b)(1)(A)(ii), which applies "[i]f the defendant previously was deported, or unlawfully remained in the United States, after—a conviction for a felony that is . . . a crime of violence," the PSR recommended a sixteen-level increase. The PSR characterized Martinez-Mata's prior retaliation conviction as a crime of violence based on the § 2L1.2 commentary, which defines a crime of violence as an offense "that has an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, App. Note

_____

[1] In November 1991, Martinez-Mata pleaded guilty in Texas state court to the offense of retaliation and was sentenced to four years of deferred adjudication probation. On April 13, 1992, the term was revoked and he was sentenced to four years in prison.

2

1(b)(ii)(1). After a three-level reduction for acceptance of responsibility pursuant to § 3E1.1(a) and (b), the PSR's total recommended offense level was twenty-one.

Martinez-Mata filed a PSR objection to the enhancement, contending that retaliation is not a crime of violence under § 2L1.2 because it does not have as an element the use, attempted use, or threatened use of physical force. After three sentencing hearings, the district court denied Martinez-Mata's objection because the retaliation charge included allegations of threatening to kill a police officer. The district court granted Martinez-Mata's request for a downward departure and sentenced him to forty-six months of imprisonment, three years of supervised release, and a $100 special assessment. Martinez-Mata filed a timely notice of appeal.

## II. STANDARD OF REVIEW

A district court's legal conclusions and interpretations of the federal sentencing guidelines are reviewed *de novo*. *United States v. Griffin*, 324 F.3d 330, 365 (5th Cir. 2003). Guideline commentary "is given controlling weight if it is not plainly erroneous or inconsistent with the guidelines." *United States v. Urias-Escobar*, 281 F.3d 165, 167 (5th Cir. 2002) (citing *Stinson v. United States*, 508 U.S. 36, 42–45 (1993)). We review the constitutionality of federal statutes *de novo*. *United States v. Bredimus*, 352 F.3d 200, 203 (5th Cir. 2003).

## III. DISCUSSION

The issue before us is whether retaliation possesses as an element the use, attempted use, or threatened use of physical force. In *United States v. Calderon-Pena*, an *en banc* panel of this Court held that in making a use of force determination, a court looks only "to the elements of the crime, not to the defendant's actual conduct in committing it." 383 F.3d 254, 257 (5th Cir. 2004); *see also United States v. Vargas-Duran*, 356 F.3d 598, 605 (5th Cir. 2004) (en banc).

As is evident from the language of the retaliation statute[2] and our recent case law, a retaliation conviction does not require physical force. *See* TEX. PENAL CODE ANN. *§* 36.06(a) (Vernon 1990); *United States v. Acuna-Cuadros*, 385 F.3d 875, 878–79 (5th Cir. 2004) (holding that the offense of retaliation is not a crime of violence). The statute criminalizes committing or threatening to commit "harm," which is defined by the Texas Penal Code as "anything reasonably regarded as loss, disadvantage, or injury, including harm to another person in whose welfare the person affected is interested." TEX. PENAL CODE ANN. § 1.07(a)(16). Based on this definition, it is possible to harm an individual in retaliation *without* availing oneself of force against that person. Therefore, Texas's retaliation statute does not have as an element the use of physical force and is not a crime of violence.

The Government, relying on an exception outlined in *Calderon-Pena*, argues that the retaliation statute sets forth disjunctive elements, requiring the Court to look to the indictment to determine the element under which Martinez-Mata was convicted. The Government contends that the statute "effectively contains a series of disjunctive elements" because "harm" is defined as "loss, disadvantage, or injury." By looking to the indictment, which alleges that Martinez-Mata threatened to kill a public servant, the Government asserts that he was convicted of "the crime of threatening to

---

[2] The relevant portion of Texas's retaliation statute provides:
(a) A person commits an offense if he intentionally or knowingly harms or threatens to harm another by an unlawful act:
(1) in retaliation for or on account of the service or status of another as a:
(A) public servant, witness, prospective witness, or informant; or
(B) person who has reported or who the actor knows intends to report the occurrence of a crime . . . .
TEX. PENAL CODE ANN. § 36.06(a) (Vernon 1990).

4

inflict 'physical pain' or 'impairment of physical condition' that causes death for retaliatory purposes." The Government draws the wording for this characterization of Martinez-Mata's conviction from the statutory definition of "bodily injury," which the Government assumes is the same as "injury," a subset of "harm." *Id.* at § 1.07(a)(34). The Government concludes that a statute that requires causing serious bodily injury qualifies as a crime of violence.

The Government's argument fails on numerous levels. First, under the exception for statutes with disjunctive elements, courts look to the indictment only to determine under which of the elements a defendant has been convicted; the facts found in the indictment are not used to establish whether physical force is an element of the retaliation statute. *See Calderon-Pena*, 383 F.3d at 257 ("Although the actual conduct described in the indictments could be construed to involve the use of physical force against the person of another, that is irrelevant . . . [because] [t]he elements of an offense of course come from the statute of conviction, not from the particular manner and means that attend a given violation of the statute") (internal citation omitted). Second, even if retaliation is considered to have multiple elements, "none of the words that define 'harm'—loss, disadvantage, or injury—requires the use of physical force." *Acuna-Cuadros*, 385 F.3d at 878. The Government's reliance on the statutory meaning of "bodily injury" is misplaced because neither the retaliation statute nor the definition of "harm" contains the term "bodily injury." *See id.* Third, the Government errs in concluding that if Martinez-Mata's offense is characterized as threatening to cause serious bodily injury, retaliation automatically constitutes a crime of violence. *See Vargas-Duran*, 356 F.3d at 606 (differentiating between statutory language that requires causing bodily injury and using force). Neither the facts in the indictment nor the definitions of terms outside of the statutory language are relevant in determining whether retaliation is a crime of violence. *See Leocal v. Ashcroft*, 125 S. Ct.

377, 381 (2004) (holding that making a similar crime of violence determination "requires us to look to the elements and the nature of the offense of conviction, rather than to the particular facts relating to petitioner's crime"); *Calderon-Pena*, 383 F.3d at 257; *Vargas-Duran*, 356 F.3d at 605. We agree with Martinez-Mata that his retaliation conviction does not qualify as a crime of violence.[3]

## IV. CONCLUSION

For the foregoing reasons, we conclude that Martinez-Mata's forty-six month sentence should not have included the sixteen-level "crime of violence" enhancement under § 2L1.2. On remand, the district court may determine whether Martinez-Mata's prior offense constitutes an "aggravated felony" that would require the application of § 2L1.2's eight-level sentence enhancement. We AFFIRM the district court's application of both the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2). Martinez-Mata's sentence is VACATED, and the case is REMANDED for further proceedings not inconsistent with this opinion.

---

[3] Martinez-Mata also argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional. He concedes that his argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but wishes to preserve the issue for possible Supreme Court review in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). *Apprendi* did not overrule *Almendarez-Torres*. *See id.* at 489–90; *United States v. Mancia-Perez*, 331 F.3d 464, 470 (5th Cir. 2003). Accordingly, this Court must follow *Almendarez-Torres* "'unless and until the Supreme Court itself determines to overrule it.'" *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir. 2000) (quoting *Hopwood, et al. v. Texas, et. al.*, 84 F.3d 720, 722 (5th Cir. 1996)).