**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**May 13, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 04-41172
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS VASQUEZ-TORRES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:03-CR-934-ALL
--------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Luis Vasquez-Torres appeals his sentence imposed following his guilty plea conviction for illegal reentry into the United States following deportation. Vasquez was sentenced to a term of imprisonment of forty-six months to be followed by a two-year term of supervised release.

Vasquez-Torres argues that the district court erred in enhancing his base offense level by 16 levels based on his prior conviction for injury to a child because it was not a crime of violence. He argues that the offense did not require proof of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

element of the use, attempted use, or threatened use of physical force against a person and that the district court erred in relying on the indictment in determining that the offense involved the use of force.

Section § 2L1.2 of the United States Sentencing Guidelines provides that the offense level for unlawfully entering or remaining in the United States shall be increased by 16 levels if the defendant has a prior conviction for a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). The commentary to U.S.S.G. § 2L1.2 defines "crime of violence" as any of certain listed offenses or "any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another." U.S.S.G. § 2L1.2, comment. (n.1(B)(iii)). Because injury to a child is not a listed offense, the offense must involve the use or threatened use of force to be a "crime of violence" in this context.

In determining whether the offense is a crime of violence, the court "looks to the elements of the crime, not to the defendant's actual conduct in committing it." United States v. Calderon-Pena, 383 F.3d 254, 257 (5th Cir. 2004)(en banc), cert. denied, 125 S. Ct. 932 (2005). As the elements of an offense come from the statute of conviction, the elements, and not the defendant's underlying conduct, are the proper focus. Id.

TEX. PENAL CODE ANN. § 22.04(a), the statute under which Vasquez-Torres was indicted and convicted, criminalizes acts or

omissions that intentionally, knowingly, recklessly, or negligently result in injury to a child. The commission of the offense does not require the use of physical force against a person. See United States v. Gracia-Cantu, 302 F.3d 308, 312 (5th Cir. 2002).

Although Vasquez-Torres' indictment charged that he hit a child, the statute underlying his offense does not require the use of physical force to be proved as an element of the offense. Thus, it was not a crime of violence warranting a 16-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii). See United States v. Acuna-Cuadros, 385 F.3d 875, 877-78 (5th Cir.), cert. denied, 125 S. Ct. 675, (2004). The sentence is vacated and the case is remanded to the district court for resentencing.

Vasquez-Torres also argues that in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), the holding in Almendarez-Torres v. United States, 523 U.S. 224 (1998), that the enhanced penalties in 8 U.S.C. § 1326 (b) are sentencing factors, is no longer controlling law. He also argues that if Almendarez-Torres is overruled, his sentence could be affected by the holding in Blakely v. Washington, 124 S. Ct. 2531 (2004). He concedes that his arguments are foreclosed by Supreme Court and circuit precedent.

Apprendi did not overrule Almendarez-Torres. See Apprendi, 530 U.S. at 489-90; United States v. Sarmiento-Funes, 374 F.3d 336, 346 (5th Cir. 2004). This court must follow Almendarez-Torres "'unless and until the Supreme Court itself determines to overrule it.'" United States v. Mancia-Perez, 331 F.3d 464, 470 (5th Cir.)

(citation omitted), cert. denied, 540 U.S. 935 (2003). Blakely dealt with state sentencing guidelines and held that the relevant statutory maximum for purposes of Apprendi is the maximum sentence a judge may impose "solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." Blakely, 124 S. Ct. at 2537. Although United States v. Booker, 125 S. Ct. 738, 755-56 (2005) held that Blakely applies to the federal sentencing guidelines, the Court has not held that it is applicable to cases arising under Almendarez-Torres. Because Booker did not overrule Almendarez-Torres, the Blakely argument fails and Vasquez-Torres cannot successfully argue that a Sixth Amendment violation occurred because he did not admit that he had prior convictions.

Booker excised from the Sentencing Reform Act the mandatory duty of district courts to apply the federal sentencing guidelines and effectively rendered the guidelines advisory only. 125 S. Ct at 764. Because the case is being remanded to the district court for resentencing, it is unnecessary to determine whether a different sentence would have been imposed under the advisory sentencing system.

SENTENCE VACATED; CASE REMANDED TO THE DISTRICT COURT FOR RESENTENCING.