**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Alejandro MEDINA–HUITRON,
also known as Jose A. Medina,
Defendant–Appellant.**

No. 04–40896.
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided June 22, 2005.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

PER CURIAM: *

Jose Alejandro Medina–Huitron appeals the sentence imposed following his conviction for attempting to reenter the United States following a prior deportation, in violation of 8 U.S.C. § 1326 and 6 U.S.C. §§ 202 and 557. Finding no error, we affirm.

Medina first argues that, in light of *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court erred in imposing a sentence utilizing the Sentencing Guidelines as mandatory. As Medina did not preserve this issue, we review only for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir.2005), *petition for cert. filed* (Mar. 31, 2005) (No. 04–9517); *see also United States v. Malveaux*, 411 F.3d 558 (5th Cir. 2005). Application of the Guidelines as mandatory, even absent a Sixth Amendment violation as is the case here, is plain or obvious error after *Booker*. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 733 (5th Cir.2005). However, Medina cannot show that the error affected his substantial rights because the record does not indicate that the district court would have imposed a lower sentence under an advisory, rather than a mandatory, Guidelines scheme. *See id.* To the contrary, the sentencing transcript demonstrates that the district court believed Medina's 16–month sentence to be appropriate in light of Medina's criminal history.

Medina's second argument, that 8 U.S.C. §§ 1326(b)(1) and (2) are unconstitutional, is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 239–47, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). *See United States v. Martinez–Mata*, 393 F.3d 625, 629 n. 3 (5th Cir.2004), *cert.*

*denied*, — U.S. —, 125 S.Ct. 1877, — L.Ed.2d — (2005). Medina concedes this point, but raises it to preserve the matter for further review.

For the foregoing reasons, the judgment of the district court is AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.

