United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 22, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41563
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE LUIS SANCHEZ-ORTIZ,

Defendant-Appellant.

---------------------
Appeals from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-706-1
---------------------

Before JONES, BARKSDALE and PRADO, Circuit Judges.

PER CURIAM:[*]

Jose Luis Sanchez-Ortiz ("Sanchez") appeals the conviction

and sentence that he received after he pleaded guilty to being

illegally present in the United States after deportation in

violation of 8 U.S.C. § 1326.  Sanchez argues that his case

should be remanded under United States v. Booker, 125 S. Ct. 738

(2005), because the district court committed reversible plain

error when it sentenced him under the mandatory Sentencing

Guidelines.  Although Sanchez alleges a Booker error, this court

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

must first address the antecedent error that the district court committed when it applied § 2L1.2(b)(1)(A) to enhance Sanchez's sentence. United States v. Villegas, 404 F.3d 355, 364 n.8 (5th Cir. 2005).

After Sanchez was sentenced, this court held that the Texas offense of retaliation is not a crime of violence for purposes of U.S.S.G. § 2L1.2(b)(1)(A). United States v. Martinez-Mata, 393 F.3d 625, 629 (5th Cir. 2004). De novo review of Sanchez's sentence indicates that the district court's enhancement of Sanchez's sentence for his prior conviction for retaliation was therefore error. See United States v. Olano, 507 U.S. 725, 731 (1993); Villegas, 2005 WL 627963 at **4, 5. The error was also plain. See Johnson v. United States, 520 U.S. 461, 468 (1997). Further, Sanchez has met his burden of showing that the error affected the outcome of the sentencing proceedings because he received a sentence that was several years longer and in another Guidelines range of imprisonment than he would have absent the error. Villegas, 2005 WL 50317 at *7. Finally, because the sentencing error resulted in an increased sentence, this court will exercise its discretion to correct it. See United States v. Williamson, 183 F.3d 458, 463 (5th Cir. 1999). Accordingly, Sanchez's sentence is VACATED, and his case is REMANDED for resentencing.

Sanchez's argument that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional

is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224 (1998).  <u>See</u> <u>United States v. Dabeit</u>, 231 F.3d 979, 984 (5th Cir. 2000).  His conviction is, therefore, AFFIRMED.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.