United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40896
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

JOSE ALEJANDRO MEDINA-HUITRON, also known as Jose A. Medina,

                                    Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-112-ALL
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Jose Alejandro Medina-Huitron appeals the sentence imposed following his conviction for attempting to reenter the United States following a prior deportation, in violation of 8 U.S.C. § 1326 and 6 U.S.C. §§ 202 and 557. Finding no error, we affirm.

    Medina first argues that, in light of United States v. Booker, 125 S. Ct. 738 (2005), the district court erred in imposing a sentence utilizing the Sentencing Guidelines as mandatory. As Medina did not preserve this issue, we review only

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); see also United States v. Malveaux, __F.3d__, No. 03-41618, 2005 WL 1320362 (5th Cir. Apr. 11, 2005). Application of the Guidelines as mandatory, even absent a Sixth Amendment violation as is the case here, is plain or obvious error after Booker. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 733 (5th Cir. 2005). However, Medina cannot show that the error affected his substantial rights because the record does not indicate that the district court would have imposed a lower sentence under an advisory, rather than a mandatory, Guidelines scheme. See id. To the contrary, the sentencing transcript demonstrates that the district court believed Medina's 16-month sentence to be appropriate in light of Medina's criminal history.

Medina's second argument, that 8 U.S.C. §§ 1326(b)(1) and (2) are unconstitutional, is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235, 239-47 (1998). See United States v. Martinez-Mata, 393 F.3d 625, 629 n.3 (5th Cir. 2004), cert. denied, 125 S. Ct. 1877 (2005). Medina concedes this point, but raises it to preserve the matter for further review.

For the foregoing reasons, the judgment of the district court is AFFIRMED.