**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**September 30, 2005**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-50190
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JAVIER VALENZUELA - LUNA

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-03-CR-1897-1-PRM
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed the sentence of Javier Valenzuela-Luna

("Valenzuela"). United States v. Valenzuela-Luna, No. 04-50190,

2004 WL 2931320 (5th Cir. Dec. 17, 2004). The Supreme Court

vacated and remanded for further consideration in light of United

States v. Booker, 125 S. Ct. 738 (2005). We received

supplemental briefs addressing Booker's impact.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Valenzuela acknowledges that he challenged the constitutionality of his sentence on the principles of <u>Booker</u> for the first time in his petition for writ of certiorari.  Absent extraordinary circumstances, we will not consider a defendant's <u>Booker</u>-related claim presented for the first time in a petition for writ of certiorari.  <u>United States v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005).  Had Valenzuela raised his <u>Booker</u> argument in his initial appellate brief, this court would have reviewed the argument for plain error.  <u>Id.</u> at 677.  As in <u>Taylor</u>, Valenzuela "points to no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system."  <u>Id.</u> (citing <u>United States v. Hernandez-Gonzalez</u>, 405 F.3d 260, 261 (5th Cir. 2005); <u>United States v. Mares</u>, 402 F.3d 511, 521-22 (5th Cir.), <u>petition for cert. filed</u> (Mar. 31, 2005) (No. 04-9517).  Indeed, to the contrary, Valenzuela concedes that he cannot show that the error affected his substantial rights.

Because Valenzuela fails plain-error review, he also falls short of showing the "possibility of injustice so grave as to warrant disregard of usual procedural rules."  <u>See</u> <u>United States v. Ogle</u>, __ F.3d __, No. 03-60833, 2005 WL 1503538, at *1 (5th Cir. June 27, 2005) (internal quotation marks and citation omitted).  Accordingly, Valenzuela has failed to show extraordinary circumstances warranting consideration of an issue

raised for the first time in a petition for writ of certiorari. Taylor, 409 F.3d at 677.

For the first time on remand, Valenzuela challenges the 16-level enhancement to his sentence, pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii), for a prior conviction for a crime of violence. Specifically, Valenzuela argues that the enhancement was not warranted because his prior Texas conviction for injury to a child does not constitute a crime of violence. Valenzuela acknowledges that he is raising this issue for the first time on remand, but contends that "intervening controlling law" requires this court to consider the issue. Valenzuela cites to this court's recent decision in United States v. Vasquez-Torres, No. 04-41172, 2005 WL 1130282 (5th Cir. May 13, 2005) in support of his argument.

As a minimum, Valenzuela must demonstrate extraordinary circumstances in order for this court to consider an issue raised for the first time on remand from the Supreme Court. Valenzuela fails to do this. In Vasquez-Torres, 2005 WL 1130282 at *1, this court determined, by looking at the elements of the crime, that the Texas offense of injury to a child does not constitute a crime of violence under U.S.S.G. § 2L1.2(b)(1)(A)(ii). As the Government points out, Vasquez-Torres is an unpublished opinion. As such, under Fifth Circuit Rule 47.5.4 Vasquez-Torres is not "controlling law" but rather persuasive authority. Furthermore, Vasquez-Torres did not announce a new rule of law. It, in fact,

relied on case law existing at the time Valenzuela filed his appellant brief. See Vasquez-Torres, 2005 WL 1130282 at *1. Valenzuela does not explain why he did not challenge the district court's 16-level enhancement in his initial appellant brief. Accordingly, he has failed to demonstrate extraordinary circumstances warranting consideration of his issue raised for the first time on remand.

As Valenzuela acknowledges, his argument that his sentence is unconstitutional because it was enhanced for a prior conviction under 8 U.S.C. § 1326(b) is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). This court does not have the authority to overrule Almendarez-Torres. See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Booker does not require this court to change the prior affirmance in Valenzuela's case. Accordingly, we reinstate our judgment affirming Valenzuela's conviction and sentence.