United States Court of Appeals
**Fifth Circuit**

**F I L E D**

**October 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-41124
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

LONNIE JAMES LEWIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:03-CR-252-MAC-WCR
--------------------

Before JOLLY, DAVIS, AND OWEN, Circuit Judges.

PER CURIAM:[*]

Lonnie James Lewis appeals his conviction of being a convicted felon in possession of ammunition. He contends that the evidence was insufficient to support his conviction; that the district court erred by dismissing two venire members for cause; that his previous state-court conviction of retaliation did not constitute a crime of violence as defined by U.S.S.G. § 4B1.2; and that his sentence violated *United States v. Booker*.[1]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] 125 S. Ct. 738 (2005).

We will affirm the jury's verdict so long as there is evidence sufficient to allow a reasonable jury to find Lewis guilty beyond a reasonable doubt.[2] The jury could have inferred from the evidence beyond a reasonable doubt that Lewis knowingly possessed ammunition.[3] Police testimony indicated that Lewis was the sole occupant of the residence in which the ammunition was found, and that the ammunition was found in plain view. Testimony also established that the ammunition was manufactured in Arkansas and that it had to have traveled across state lines to be possessed in Texas.[4]

The district court did not abuse its discretion by striking two venirepersons for cause.[5] Those venirepersons' answers during voir dire indicated that they would not be able to put their personal beliefs aside and base their decisions on the evidence presented in the case.[6]

Lewis's contentions regarding the validity of his conviction are unavailing. The conviction therefore is AFFIRMED.

---

[2]*See United States v. Floyd*, 343 F.3d 363, 370 (5th Cir. 2003), *cert. denied*, 541 U.S. 1054 (2004).

[3]*See United States v. Jones*, 133 F.3d 358, 362 (5th Cir. 1998).

[4]*See United States v. Cavazos*, 288 F.3d 706, 712 (5th Cir. 2002).

[5]*See United States v. Miller*, 666 F.2d 991, 999 (5th Cir. 1982).

[6]*See Patton v. Yount*, 467 U.S. 1025, 1037 n.12 (1984).

The Texas offense of retaliation is not a crime of violence for purposes of the Sentencing Guidelines.[7] The issue was raised for the first time on appeal, and the adjustment for the previous commission of a crime of violence constituted plain error that affected Lewis's substantial rights and that undermined the fairness of his sentencing.[8] Lewis's sentence therefore is VACATED and REMANDED for resentencing. Because the district court plainly erred regarding the adjustment for previous commission of a crime of violence, we do not address Lewis's *Booker* contention.[9]

CONVICTION AFFIRMED; SENTENCE VACATED AND REMANDED.

---

[7]*See United States v. Montgomery*, 402 F.3d 482, 489 (5th Cir. 2005) (retaliation not a "violent felony" under 18 U.S.C. § 924(e)(2)); *United States v. Martinez-Mata*, 393 F.3d 625, 628–29 (5th Cir. 2004) (retaliation not a crime of violence), *cert. denied*, 125 S. Ct. 1877 (2005).

[8]*See United States v. Villegas*, 404 F.3d 355, 364–65 (5th Cir. 2005).

[9]*See id.* at 365.