United States Court of Appeals
Fifth Circuit

**F I L E D**

**November 15, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 04-41272
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALLISON SCOTT SHAW,

                                        Defendant-Appellant.

_____

Appeal from the United States District Court for
the Southern District of Texas
(USDC No. 6:04-CR-14-ALL)
_____

Before REAVLEY, HIGGINBOTHAM and GARZA,[*] Circuit Judges.

PER CURIAM:[**]

     Shaw appeals his sentencing on a guilty-plea conviction of possessing a firearm

and ammunition as a convicted felon, claiming his sentence was erroneously enhanced

based on his prior Texas conviction for attempted sexual assault under sections 22.011

---

[*]Concurring in the judgment only.

[**]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

and 15.01 of the Texas Penal Code.  Reviewing the record de novo, we vacate the
sentence and remand for the following reasons:

1.	In deciding whether a prior offense of which defendant was convicted had as an element "the use, attempted use, or threatened use of physical force," so as to qualify as a crime of violence for purposes of sentence enhancement under the Sentencing Guidelines, the court looks only to the elements of the prior offense, not to defendant's actual conduct in committing it.  U.S. v. Martinez-Mata, 393 F.3d 625, 628 (5th Cir. 2004).

2.	With respect to the force-as-an-element inquiry regarding sexual offenses under statutes that do not expressly require the use of force, the rule that emerges from our prior decisions is: (1) unless an adult offense against a child under fourteen is involved, sexual contact does not involve the use of force when it is accompanied by consent in fact (regardless of whether the statute renders factual consent ineffective in certain circumstances); and (2) where the indictment upon which the prior conviction is based does not provide sufficient information to rule out conviction under such a consent-in-fact scenario, we must assume that the defendant's conduct constituted the least culpable act satisfying the count of conviction and find no crime of violence on the basis of force as an element.  See United States v. Sarmiento-Funes, 374 F.3d 336, 341 (5th Cir. 2004) (finding a Missouri sexual assault statute with language similar to Texas § 22.011 did not have

force as an element because some consent-in-fact methods of violating the statute do not require the use of physical force against the victim); United States v. Houston, 364 F.3d 243, 246-47 (5th Cir. 2004) (holding that where the indictment for statutory rape under Texas § 22.011 was silent as to the age of the victim and the statute provides an affirmative defense if the actor was no more than three years older, we must proceed on the assumption of consensual sex between a female one day underage and an actor three years older and find no crime of violence); United States v. Rayo-Valdez, 302 F.3d 314, 316 (5th Cir. 2002) (recognizing that a sexual offense by an adult against a child under fourteen is inherently forcible).

3.      The relevant portions of section 22.011 do not expressly require the use of force, rather criminalizing certain conduct if it occurs without the legally effective consent of the person sexually contacted. See TEX. PEN. CODE § 22.011(a)(1)(A)-(C)), (b) (Vernon 1998).  Thus, some consent-in-fact methods of violating the statute do not require the use of physical force against the victim.

Shaw's indictment was based on section 22.011, without subsection reference, and read as follows:

> [Shaw] did then and there, with the specific intent to commit the offense of sexual assault of [Jane Doe] while said defendant was fondling his own sexual organ and asking [Jane Doe] if she would have sex with him, which amounted to more than mere preparation that tended but

3

failed to effect the commission of the offense intended.

Under our precedent, because some methods of violating section 22.011 do not require the use of physical force against the victim and, because Shaw's indictment is not specific enough to rule out conviction for such non-forceful conduct, we cannot affirm Shaw's crime-of-violence sentence enhancement under the force-as-an-element inquiry.

4. The Government urges in the alternative that sexual assault amounts to a "forcible sexual offense," an enumerated offense under Application Note 1 of the Commentary to U.S. Sentencing Guidelines Manual § 4B1.2, and that an enumerated offense is always considered to be a crime of violence regardless of whether it specifically has as an element the use, attempted use, or threatened use of physical force. Because the guideline does not define the listed "forcible sex offense," we "must define it according to its 'generic contemporary meaning'." United States v. Dominguez-Ochoa, 386 F.3d 639, 642-43 (5th Cir. 2004) (quoting Taylor v. United States, 495 U.S. 575, 598, 110 S.Ct. 2143, (1990).

We have previously considered the question of whether, in common, contemporary usage, all unconsented-to sex offenses constitute a "forcible sex offense" and held that they do not. Sarmiento-Funes, 374 F.3d at 345 (recognizing a distinction between forcible and nonforcible, but nonetheless criminal, sexual contact). see also United States v. Turner, 305 F.3d 349,

4

351 (5th Cir. 2002) (recognizing that, for purposes of determining whether a prior conviction was for a crime of violence under the Guidelines, the question is whether physical force is at issue). Where there are non-forcible ways to violate a sexual conduct statute, prior conviction under that statute, absent specific indictment information to the contrary, cannot be said to constitute a forcible sex offense. United States v. Palomares-Candela, No. 03-10535, 2004 WL 1570359, at *4 (5th Cir. July 14, 2004).

In this case, where the indictment does not specify a specific subsection of the statute and states only that sexual touching and suggestion occurred, there is nothing to indicate that force, in the common meaning, was used. Under Sarmiento-Funes, we cannot affirm Shaw's sentence on this alternative basis.

5. Shaw also appealed on the grounds that, under United States v. Booker, ___ U.S. ___, 125 S. Ct. 738 (Jan. 12, 2005), the district court erred in applying the Guidelines as mandatory rather than advisory. Because we find that Shaw's prior Texas conviction for attempted sexual assault was not for a crime of violence and remand for resentencing on that issue, the Booker error is moot and need not be addressed by us. See United States v. Villegas, 404 F.3d 355, 365 (5th Cir. 2005) (declining to consider Booker argument where case was remanded based on district court's misapplication of the Sentencing Guidelines).

5

SENTENCE VACATED; CAUSE REMANDED.