United States Court of Appeals
Fifth Circuit

**F I L E D**

April 24, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50790
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

SERGIO PONCE-SANCHEZ,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:03-CR-2087-ALL-FM
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

        This court affirmed the sentence of Sergio Ponce-Sanchez

(Ponce).  United States v. Ponce-Sanchez, 115 F. App'x 741 (5th

Cir.), cert. granted, vacated and remanded, 125 S. Ct. 1952

(2005). The Supreme Court vacated and remanded for further

consideration in light of United States v. Booker, 543 U.S. 220

(2005).

---

        * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ponce acknowledges that he challenged the constitutionality of his sentence on the principles of <u>Booker</u> for the first time in his petition for writ of certiorari. Absent extraordinary circumstances, we will not consider a defendant's <u>Booker</u>-related claim presented for the first time in a petition for writ of certiorari. <u>United States v. Taylor</u>, 409 F.3d 675, 676 (5th Cir. 2005). Had Ponce raised his <u>Booker</u> argument in his initial appellate brief, this court would have reviewed the argument for plain error. <u>Id.</u> at 677. As in <u>Taylor</u>, Ponce "points to no evidence in the record suggesting that the district court would have imposed a lesser sentence under an advisory guidelines system." <u>Id.</u> (citing <u>United States v. Hernandez-Gonzalez</u>, 405 F.3d 260, 261 (5th Cir. 2005)); <u>United States v. Mares</u>, 402 F.3d 511, 521-22 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 43 (2005). Indeed, to the contrary, Ponce concedes that he cannot show that the error affected his substantial rights.

Because Ponce fails plain-error review, he also falls short of showing the "possibility of injustice so grave as to warrant disregard of usual procedural rules." <u>See</u> <u>United States v. Ogle</u>, 415 F.3d 382, 384 (5th Cir.) (internal quotation marks and citation omitted), <u>cert. denied</u>, 126 S. Ct. 837 (2005). Accordingly, Ponce has failed to show extraordinary circumstances warranting consideration of an issue raised for the first time in a petition for writ of certiorari. <u>Taylor</u>, 409 F.3d at 677.

Ponce argues that the "extraordinary circumstances" standard of Taylor should not apply to his case because it conflicts with this court's use of the plain-error standard in United States v. Malveaux, 411 F.3d 558 (5th Cir.), cert. denied, 126 S. Ct. 194 (2005). Because Ponce cannot demonstrate reversible plain error, we need need not address his contention that Taylor conflicts with Malveaux.

Ponce challenges the plain-error test set out by this court in Mares, arguing that it is at odds with the tests employed by other circuits. He further argues that it is improper to consider whether a district court would impose a different sentence under an advisory guideline sentencing regime, contending that Justice Breyer's remedial opinion in Booker should not be given retroactive effect. He seeks to preserve his challenge to the Mares standard for Supreme Court review. We will not overrule Mares. See United States v. Taylor, 933 F.2d 307, 313 (5th Cir. 1991).

For the first time in his supplemental brief following the Supreme Court's remand, Ponce argues that the district court erred by adjusting his offense level by 16 levels, pursuant to § 2L1.2(B)(1)(A)(ii), for a prior conviction for a crime of violence, based on his Washington state conviction of third-degree assault of a child. He argues that United States v. Vasquez-Torres, 134 F. App'x 648 (5th Cir.), cert. denied, 126 S. Ct. 289 (2005), constitutes intervening law requiring this court

to consider his contention.  He further argues that the alleged error affected his guideline sentencing range, requiring the contention to be addressed in conjunction with his "Fanfan" contention.

In United States v. Gracia-Cantu, 302 F.3d 308, 312-13 (5th Cir. 2002), this court determined that the Texas injury-to-a-child statute did not give rise to a crime of violence enhancement under 18 U.S.C. § 16.  Vasquez-Torres did not announce a new rule of law.  In rendering the decision in Vasquez-Torres, we relied on Gracia-Cantu for the proposition that the court should look only to the statutory elements of the offense and not to the defendant's actual conduct when determining whether the prior conviction was for a crime of violence.  See Vasquez-Torres, 134 F. App'x at 649.

Ponce does not indicate why he could not have raised his challenge to the 16-level adjustment as an issue in his initial appellate brief, based on Gracia-Cantu.  Ponce therefore has failed to demonstrate exceptional circumstances that might warrant consideration of his contention.  See Taylor, 409 F.3d at 676.

Ponce reurges his contention that the "felony" and "aggravated felony" provisions of § 1326(b) are unconstitutional. He correctly recognizes that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998), see United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert.

<u>denied</u>, 126 S. Ct. 298 (2005), but he raises the argument to preserve it for further review.

<u>Booker</u> does not require this court to change the prior affirmance in Ponce's case.  Accordingly, we REINSTATE our judgment affirming Ponce's conviction and sentence.