United States Court of Appeals
Fifth Circuit

**F I L E D**

May 3, 2006

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

No. 04-50790
Conference Calendar

———————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SERGIO PONCE-SANCHEZ,

Defendant-Appellant.

———————

Appeal from the United States District Court
for the Western District of Texas
No. 3:03-CR-2087

———————

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

The opinion that issued April 24, 2006, is hereby withdrawn in its entirety and replaced by the

following opinion.

This court affirmed the sentence of Sergio Ponce-Sanchez. *United States v. Ponce-Sanchez*,

115 F. App'x 741 (5th Cir. 2004), *cert. granted, vacated, and remanded*, 125 S. Ct. 1952 (2005).

---

*Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and
is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005).

Ponce-Sanchez acknowledges that he challenged the constitutionality of his sentence on the principles of *Booker* for the first time in his petition for writ of certiorari. Absent extraordinary circumstances, we will not consider a defendant's *Booker*-related claim presented for the first time in a petition for writ of certiorari. *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005). Had Ponce-Sanchez raised his *Booker* argument in his initial appellate brief, this court would have reviewed the argument for plain error. *Id.* at 677. Ponce-Sanchez concedes he cannot show that any error affected his substantial rights, as is required under our circuit's plain error review. *See United States v. Mares*, 402 F.3d 511, 521-22 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). Because Ponce-Sanchez fails plain error review, he also fails to show extraordinary circumstances, which is a more demanding standard. *Taylor*, 409 F.3d at 677.

For the first time in his supplemental brief following the Supreme Court's remand, Ponce-Sanchez argues that the district court erred in applying a sentencing enhancement, pursuant to U.S.S.G. § 2L1.2(B)(1)(A)(ii), for a prior conviction for a crime of violence, based on his Washington state conviction of third-degree assault of a child. When a case is remanded to this court from the Supreme Court in limited terms, as was this one, we must confine our review to matters within the remand order. *United States v. Duarte-Juarez*, 441 F.3d 336, 340 (5th Cir. 2006). *Booker* does not implicate the district court's application of the crime-of-violence enhancement at issue here. Accordingly, we will not consider Ponce-Sanchez's argument.[1]

---

[1] Ponce-Sanchez's argument that an intervening change in law requires us to review the enhancement is meritless. The case which he claims constitutes intervening law, *United States v. Vasquez-Torres*,

Each of Ponce-Sanchez's other contentions is foreclosed. His claim that the remedial portion of *Booker* should not be given retroactive effect is foreclosed by *United States v. Scroggins*, 411 F.3d 572, 575–77 (5th Cir. 2005). His claim that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224, 235 (1998). *See United States v. Garza-Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, 126 S. Ct. 298 (2005).

*Booker* does not require this court to change the prior affirmance in Ponce-Sanchez's case. Accordingly, we REINSTATE our judgment affirming Ponce-Sanchez's conviction and sentence.

---

134 F. App'x 648 (5th Cir.), *cert. denied*, 126 S. Ct. 289 (2005), not only is non-binding but also does not represent an intervening change in law, as it relies on this circuit's established precedent in *United States v. Gracia-Cantu*, 302 F.3d 308, 312–13 (5th Cir. 2002).