United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-60833
Summary Calendar
_____

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee

     v.

JAMES O. OGLE,

                    Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:

     In our previous opinion in this case, we affirmed Defendant-
Appellant Ogle's conviction and sentence. See United States v.
Ogle, No. 03-60833, 2004 WL 78109 (5th Cir. 2004) (per curiam)
(unpublished). Following our judgment, Ogle filed a petition for
certiorari, in which he challenged for the first time the
constitutionality of the Sentencing Guidelines as applied to him.
The Supreme Court granted Ogle's petition for certiorari, vacated
our judgment, and remanded the case to this court for further

-1-

consideration in light of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005).  We now reconsider the matter in light of <u>Booker</u> and decide to reinstate our previous judgment affirming Ogle's conviction and sentence.

Because Ogle did not raise any <u>Booker</u>-related challenges to his sentence until his petition for certiorari, we will not review his claim absent extraordinary circumstances.  <u>United States v. Taylor</u>, No. 03-10167, 2005 WL 1155245, at *1 (5th Cir. May 17, 2005).  Our cases make it clear that an argument not raised in appellant's original brief as required by FED. R. APP. P. 28 is waived.[1]  Appellant argues that based on remarks made by the trial judge at sentencing, he can satisfy the plain-error test discussed in <u>United States v. Mares</u>, 402 F.3d 511, 520-22 (5th Cir. 2005).  Even if appellant can satisfy the plain error test, he has not met the even more exacting test required to show the presence of extraordinary circumstances, which requires appellant to show a "possibility of injustice so grave as to warrant disregard of usual procedural rules."  <u>McGee v. Estelle</u>, 722 F.2d 1206, 1213 (5th Cir. 1984) (footnote omitted).

---

[1]<u>See Proctor & Gamble Co. v. Amway Corp.</u>, 376 F.3d 496, 499 (5th Cir. 2004)(party waived argument not included in original brief to panel); <u>Yokey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993).  <u>See also</u> 16A C. WRIGHT, A. MILLER & E. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3974.1 at 501 (1999)(issues not raised in appellant's initial brief normally will not be considered by the court); FED. R. APP. P. 28 (a)(9)(A) which states that an appellant's brief must contain "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."

Accordingly, we decline to consider the merits of his <u>Booker</u> challenge.  Having reconsidered our decision pursuant to the Supreme Court's instructions, we REINSTATE OUR JUDGMENT affirming Ogle's conviction and sentence.