United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 4, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-41016

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ALEJANDRO GARCIA-RAMIREZ

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Southern District of Texas
---------------------

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before WIENER, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:[*]

The Supreme Court vacated the judgment in this case and remanded it to this Court to reconsider in light of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). In supplemental briefing, Garcia-Ramirez argues that resentencing is required under *Booker* because the district court sentenced him under a mandatory sentencing scheme. After review of Garcia-Ramirez's claim, we affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Garcia-Ramirez raised this challenge to his sentence for the first time in his petition for writ of certiorari. Because he has not shown extraordinary circumstances to cure his failure to raise this issue in district court and on direct appeal, we need not consider his claim here. *United States v. Ogle*, ___ F.3d ___, No. 03-60833, 2005 WL 1503538, *1 (5th Cir. Jun 27, 2005) (holding that an argument not raised in appellant's original brief is waived); *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005).

Even if we assume the existence of extraordinary circumstances, we may review Garcia-Ramirez's claim only for plain error. *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005). Thus, Garcia-Ramirez must show that there is (1) error, (2) that is plain, and (3) that affects substantial rights. *Id.* In light of *Booker*, we agree that the use of a mandatory sentencing scheme is clear and obvious error. However, Garcia-Ramirez has failed to show that the error affected his substantial rights. He has made no showing that there is a reasonable probability that, but for the error, the district court would have imposed a lesser sentence. *Id.* at 522.

Accordingly, the judgment of the district court is AFFIRMED.