United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-11116
Summary Calendar
_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

LARRY DEAN GANN,

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Northern District of Texas
(02-CR-13)
---------------------

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The Supreme Court vacated the judgment in this case and
remanded it to this Court to reconsider in light of *United States
v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005).  In supplemental
briefing, Gann argues that resentencing is required under *Booker*
because the district court sentenced him under a mandatory
sentencing scheme.  For the following reasons, we reject Gann's
argument and affirm the judgment of the district court.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gann admits that he did not challenge the district court's use of judicial fact-finding during sentencing until his petition for panel rehearing before this Court. Because he has not shown extraordinary circumstances to cure his failure to raise this issue in district court and on direct appeal, we need not consider his claim here. *United States v. Ogle*, ___ F.3d ___, No. 03-60833, 2005 WL 1503538, *1 (5th Cir. Jun 27, 2005) (holding that an argument not raised in appellant's original brief is waived); *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005).

Even if Gann had shown extraordinary circumstances such that his claim could be considered here, review of his claim is limited to a review for plain error. *United States v. Mares*, 402 F.3d 511, 520-22 (5th Cir.2005). Thus, Gann must show that there is (1) error, (2) that is plain, and (3) that affects substantial rights where appellant did not raise a challenge to his sentence before the district court. *Id.* In light of *Booker*, we agree that the use of a mandatory sentencing scheme is clear and obvious error. However, Gann's claim fails because he has not shown that the error affected his substantial rights. Gann acknowledges that there is nothing in the record to show, and Gann has otherwise failed to show, that the district court would have imposed a lower sentence under an advisory sentencing scheme rather than a mandatory one. *Id.* at 522.

Accordingly, the judgment of the district court is AFFIRMED.