United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 12, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-30079

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HIRAM GARCIA,

Defendant-Appellant.

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

Consolidated with

No. 04-30127

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESSE VITELA,

Defendant-Appellant.

Appeals from the United States District Court
for the Western District of Louisiana
(02-CR-50503-2)

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before BARKSDALE, GARZA, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

In a consolidated opinion, this court affirmed Hiram Garcia's and Jesse Vitela's guilty-plea convictions for conspiracy to possess with intent to distribute more than 500 grams of powder cocaine, possession with intent to distribute more than 500 grams of powder cocaine, and possession with intent to distribute a detectable amount of marijuana. *United States v. Garcia*, No. 04-30079, 112 Fed. Appx. 991 (5th Cir. 17 Nov. 2004). Garcia was sentenced to 150 months imprisonment; Vitela to 121 months.

The Supreme Court granted Garcia's and Vitela's petitions for writ of certiorari and for leave to proceed *in forma pauperis*; vacated our previous judgment; and remanded the case for further consideration in the light of *United States v. Booker*, 543 U.S. ___, 125 S. Ct. 738 (2005). *Garcia v. United States*, 125 S. Ct. 1714 (2005); *Vitela v. United States*, 125 S. Ct. 1716 (2005). We requested, and received, supplemental briefs addressing the impact of *Booker*. Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the convictions and sentences.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

For the first time in his petition for writ of certiorari, Vitela challenged the constitutionality of his sentence, based on the holding in *Booker*, because he was sentenced based on certain facts neither pleaded to, nor found by, a jury. Absent extraordinary circumstances, we will not consider a defendant's *Booker*-related claims presented for the first time in a petition for writ of certiorari. *United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005).

Vitela has presented no evidence of extraordinary circumstances. *See United States v. Ogle*, ___ F.3d ___, 2005 WL 1503538 (5th Cir. 27 June 2005) (*per curiam*) (holding that extraordinary circumstances require a showing of a "possibility of injustice so grave as to warrant disregard of usual procedural rules"). Even if such circumstances were not required, because Vitela did not raise his *Booker*-claims in district court, any review would be only for plain error. *See United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005), *petition for cert. filed*, (U.S. 31 Mar. 2005) (No. 04-9517). Vitela contends his claims satisfy plain-error review, as described in *Mares*, because, according to Vitela, the district court believed it was "precluded from departing below the sentencing guidelines range[,] despite Vitela's cooperation, given that the government had not filed a motion pursuant to U.S.S.G. § 5K1.1". However, Vitela provides no

citation to the record for the statement; accordingly, his claim fails.

As for Garcia, he raised *Booker* error for the first time on appeal, by means of a pre-oral argument Federal Rule of Appellate Procedure 28(j) letter. This is sufficient to preserve plain error review. *See* **U.S. v. Garcia-Rodriguez**, ___ F.3d ___, 2005 WL 1538993, at *4 n.4 (5th Cir. 30 June 2005). He concedes, however, that "there is no clear indication in the record that the judge would have reached a different result if he had not been required to sentence pursuant to mandated guidelines sentencing range". Instead, he has raised the issue to preserve it for further review. (Along this line, both Vitela and Garcia contend: the district court committed "structural error" when it sentenced them under a mandatory guidelines system; and prejudice to their substantial rights should therefore be presumed. Our court has rejected this contention as inconsistent with **Mares**. *See* **United States v. Malveaux**, 411 F.3d 558, 560 n.9 (5th Cir. 2005).)

In sum, because Vitela fails to cite to the relevant portions of the record, he falls far short of showing the requisite extraordinary circumstances. And, as Garcia admits, he fails plain error review.

**AFFIRMED**

4