United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT

No. 04-50014
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

DANNY RAY BISHOP,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-03-CR-105-1
--------------------

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This court affirmed Danny Ray Bishop's jury-trial conviction
for manufacturing methamphetamine and possession of
pseudoephedrine with intent to manufacture methamphetamine, and
his 168-month sentence.  United States v. Bishop, No. 04-50014,
2004 WL 2913893 (5th Cir. Dec. 16, 2004).  The Supreme Court
granted Bishop's petition for a writ of certiorari, vacated our
previous judgment, and remanded the case for further
consideration in the light of United States v. Booker, 543 U.S.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

125 S. Ct. 738 (2005). Bishop v. United States, 125 S. Ct. 1937 (2005). We received supplemental briefs addressing Booker's impact, and Bishop's motion to file a supplemental reply brief is GRANTED. Having reconsidered our decision pursuant to the Supreme Court's instructions, we reinstate our judgment affirming the conviction and sentence.

Our review of the full record, in light of Bishop's supplemental reply brief, convinces us that Bishop challenged the constitutionality of his sentence on the principles of Booker for the first time in his petition for writ of certiorari. Absent extraordinary circumstances, we will not consider a defendant's Booker-related claims presented for the first time in a petition for writ of certiorari. United States v. Taylor, 409 F.3d 675, 675 (2005).

Bishop has presented no evidence of extraordinary circumstances. Even if a showing of such circumstances were not required, because Bishop did not raise his Booker claim in district court, any review would be only for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Bishop's claim fails the third prong of plain-error review because he does not show any error affected his substantial rights. Id. at 521. That is, he makes no "showing that the error . . . affected the

outcome of the district court proceedings." Id. (quotation marks omitted).

Bishop contends that the district court committed "structural error" when it sentenced him under a mandatory guidelines system and that prejudice to his substantial rights should be presumed. We have rejected this contention as inconsistent with Mares. See United States v. Malveaux, 411 F.3d 558, 561 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 04-5297). Because Bishop fails plain-error review, he also falls short of showing the "possibility of injustice so grave as to warrant disregard of usual procedural rules," which is required to establish extraordinary circumstances. See United States v. Ogle, __F.3d__, No. 03-60833, 2005 WL 1503538 (5th Cir. June 27, 2005) (citation omitted).

We conclude, therefore, that nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case. We therefore affirm the conviction and sentence as set by the trial court.

Bishop's motion to file a supplemental reply brief is granted.

AFFIRMED; MOTION TO FILE SUPPLEMENTAL REPLY BRIEF GRANTED