**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Pablo Abel VILLARREAL–MEDINA,**
**also known as Paulo Abel Villarre-**
**al–Medina, Defendant–Appellant.**

**No. 03–40034.**
**Conference Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided Oct. 14, 2005.

James Lee Turner, Assistant U.S. Attorney, Tony Ray Roberts, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Timothy William Crooks, Assistant Federal Public Defender, Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, Arturo Villarreal, III, Federal Public Defender's Office, Southern

District Of Texas, Laredo, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

*ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES*

PER CURIAM: *

We affirmed the conviction and sentence of Pablo Abel Villarreal–Medina ("Villarreal"). *United States v. Villarreal–Medina*, No. 03–40034, 2005 WL 2622974 (5th Cir. Feb. 18, 2003) (per curiam). The Supreme Court granted Villarreal's petition for rehearing, vacated its order that denied his petition for a writ of certiorari, and vacated and remanded Villarreal's case for further consideration in light of *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

The Government asserts that Villarreal's appeal is moot because he has been released from custody and has been removed to Mexico. The Article III, § 2 case or controversy requirement is met in the instant case because Villarreal is still subject to supervised release, which is a part of his total sentence. *See United States v. Gonzalez*, 250 F.3d 923, 928 (5th Cir.2001); *United States v. Clark*, 193 F.3d 845, 847 (5th Cir.1999).

Villarreal argues that his sentence was increased in violation of *Booker* based on a finding that was made by the district court and that was not admitted or proved to a jury beyond a reasonable doubt. Villarreal refers to the finding that his offense involved the intentional or reckless creation of a substantial risk of death or serious bodily injury to another person. Villarreal also contends that his sentence must be vacated because he was sentenced under a mandatory Sentencing Guidelines scheme that was subsequently held unconstitutional.

 Villarreal asserts that his *Booker* challenges were preserved and that review is for harmless error. Villarreal first asserted a challenge to his sentence based on *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), in his petition for rehearing in the Supreme Court. Although Villarreal challenged in the district court the nine-level increase that was applied to his offense level, he did so on factual grounds without asserting any challenge based on constitutional grounds or based on *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Accordingly, Villarreal did not preserve the *Booker / Blakely* challenges that he now asserts. *See United States v. Akpan*, 407 F.3d 360, 375, 376–77 (5th Cir.2005); *United States v. Cruz*, 418 F.3d 481, 482 (5th Cir.2005).

 Absent extraordinary circumstances, we will not consider a *Booker*-related issue even if the issue is raised for the first time in a petition for a writ of certiorari in the Supreme Court. *United States v. Ogle*, 415 F.3d 382, 383 (5th Cir. 2005). Villarreal has not demonstrated extraordinary circumstances. *See United States v. Ogle*, 415 F.3d 382, 383–84 (5th Cir.2005). Villarreal has not even met the less exacting test of plain error. *See Unit-*

---

ed States v. Taylor, 409 F.3d 675, 677 (5th Cir.2005); United States v. Valenzuela–Quevedo, 407 F.3d 728, 732–33 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05–5556); United States v. Mares, 402 F.3d 511, 521 (5th Cir.2005), petition for cert. filed (Mar. 31, 2005) (No. 04–9517).

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Villarreal's conviction. For the reasons set forth in this opinion on remand, his sentence is also AFFIRMED.

AFFIRMED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

the limited circumstances set forth in 5TH CIR. R. 47.5.4.