United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 14, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-40034
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO ABEL VILLARREAL-MEDINA, also known as
Paulo Abel Villarreal-Medina,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. L-02-CR-1179-1
--------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before HIGGINBOTHAM, EMILIO M. GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

We affirmed the conviction and sentence of Pablo Abel
Villarreal-Medina ("Villarreal"). United States v. Villarreal-
Medina, No. 03-40034 (5th Cir. Feb. 18, 2003) (per curiam). The
Supreme Court granted Villarreal's petition for rehearing,
vacated its order that denied his petition for a writ of
certiorari, and vacated and remanded Villarreal's case for
further consideration in light of United States v. Booker, 125 S.

--------------------

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Ct. 738 (2005). We requested and received supplemental letter briefs addressing the impact of Booker.

The Government asserts that Villarreal's appeal is moot because he has been released from custody and has been removed to Mexico. The Article III, § 2 case or controversy requirement is met in the instant case because Villarreal is still subject to supervised release, which is a part of his total sentence. See United States v. Gonzalez, 250 F.3d 923, 928 (5th Cir. 2001); United States v. Clark, 193 F.3d 845, 847 (5th Cir. 1999).

Villarreal argues that his sentence was increased in violation of Booker based on a finding that was made by the district court and that was not admitted or proved to a jury beyond a reasonable doubt. Villarreal refers to the finding that his offense involved the intentional or reckless creation of a substantial risk of death or serious bodily injury to another person. Villarreal also contends that his sentence must be vacated because he was sentenced under a mandatory Sentencing Guidelines scheme that was subsequently held unconstitutional.

Villarreal asserts that his Booker challenges were preserved and that review is for harmless error. Villarreal first asserted a challenge to his sentence based on Blakely v. Washington, 542 U.S. 296 (2004), in his petition for rehearing in the Supreme Court. Although Villarreal challenged in the district court the nine-level increase that was applied to his offense level, he did so on factual grounds without asserting any challenge based on

constitutional grounds or based on Apprendi v. New Jersey, 530 U.S. 466 (2000). Accordingly, Villarreal did not preserve the Booker/Blakely challenges that he now asserts. See United States v. Akpan, 407 F.3d 360, 375, 376-77 (5th Cir. 2005); United States v. Cruz, ___ F.3d ___, 2005 WL 1706518 at *2 (5th Cir. July 22, 2005).

Absent extraordinary circumstances, we will not consider a Booker-related issue even if the issue is raised for the first time in a petition for a writ of certiorari in the Supreme Court. United States v. Ogle, 415 F.3d 382, 383 (5th Cir. 2005). Villarreal has not demonstrated extraordinary circumstances. See United States v. Ogle, 415 F.3d 382, 383-84 (5th Cir. 2005). Villarreal has not even met the less exacting test of plain error. See United States v. Taylor, 409 F.3d 675, 677 (5th Cir. 2005); United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556); United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

Because nothing in the Supreme Court's Booker decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Villarreal's conviction. For the reasons set forth in this opinion on remand, his sentence is also AFFIRMED.