United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10438
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

STEFAN DEWAYNE LONGBINE,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-257-ALL-Y
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

PER CURIAM:*

    This court affirmed the sentence of Stefan Longbine.  United

States v. Longbine, No. 04-10438 (5th Cir. Dec. 16, 2004)

(unpublished).  The Supreme Court vacated and remanded for

further consideration in light of United States v. Booker, 125

S. Ct. 738 (2005).  Longbine v. United States, 125 S. Ct. 1996

(2005).

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We requested and received supplemental letter briefs addressing the impact of Booker. Longbine now contends that the district court violated Booker and the Sixth Amendment by basing his offense level for receipt of child pornography on U.S.S.G. § 2G2.2 and by adjusting his offense level upwards by a total of eight levels based on the sadistic or masochistic nature of the images, the depiction of prepubescent minors, and the use of a computer.

Longbine previously in this court challenged only the adjustment for sadistic or masochistic images pursuant to Blakely v. Washington, 124 S. Ct. 2531 (2004). Longbine did not raise his Sixth Amendment challenge in the district court; our review of the challenge to sadistic or masochistic images thus is for plain error. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517).

Longbine raised his contention that basing his sentence on U.S.S.G. § 2G2.2 through the cross-reference in the former U.S.S.G. § 2G2.4 violated the Sixth Amendment for the first time in his petition for certiorari. We will not consider Longbine's contention "absent extraordinary circumstances." See United States v. Ogle, 415 F.3d 382, 383 (5th Cir. 2005). Longbine must "show a possibility of injustice so grave as to warrant disregard of usual procedural rules." See id. at 384 (internal quotation marks and citation omitted). If Longbine cannot demonstrate

plain error, he cannot satisfy the more demanding "extraordinary circumstances" test.  See id.  at 383-84.

Longbine raises his contentions that the adjustments based on the depiction of prepubescent minors and the use of a computer violated the Sixth Amendment for the first time in his supplemental brief following remand by the Supreme Court.  We agree with other persuasive authority of our circuit that, "[a]s a minimum, [the defendant] must demonstrate extraordinary circumstances in order for this court to consider an issue raised for the first time on remand from the Supreme Court."  See United States v. Valenzuela-Luna, No. 04-50190, 2005 WL 2404809, at *1 (5th Cir. Sept. 30, 2005).

Longbine has failed to demonstrate reversible plain error regarding the adjustment for the nature of his images and has failed to demonstrate extraordinary circumstances regarding each of the other issues on appeal.  It is true that the district court's comments at the sentencing hearing suggested that the district court was concerned about the fairness of using U.S.S.G. § 2G2.2 to calculate Longbine's offense level.  However, the district court did not indicate that using that section would be unfair, nor did the district court indicate that it would have imposed a lower sentence under an advisory guideline sentencing scheme.  See Mares, 402 F.3d at 522.  Accordingly, Longbine has failed to carry his burden of demonstrating that his sentence likely would have been different had the district court sentenced

him under the post-<u>Booker</u> advisory regime rather than the pre-<u>Booker</u> mandatory regime.  <u>See</u> <u>id.</u> at 521.

Because nothing in the Supreme Court's <u>Booker</u> decision requires us to change our prior affirmance in this case, we reinstate our judgment affirming Longbine's conviction and sentence.

AFFIRMED.