United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 23, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-51337
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO VASQUEZ-RAMOS,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. DR-03-CR-412-01-AML

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before KING, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

We affirmed the conviction and sentence of Mauricio Vasquez-Ramos. *United States v. Vasquez-Ramos*, No. 03-51337 (5th Cir. Jan. 10, 2005). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker*, 543 U.S. 220 (2005). *See Baez v. United States*, 125 S. Ct. 1992 (2005). We requested and received supplemental letter briefs addressing the impact of *Booker*.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Vasquez-Ramos argues that the district court erred under both *Booker* and its companion case, *United States v. Fanfan.* *See United States v. Martinez-Lugo*, 411 F.3d 597, 600 (5th Cir.), *cert. denied*, 126 S. Ct. 464 (2005). First, Vasquez-Ramos contends that the district court's findings that he committed the illegal reentry offense while he was on supervised release and within two years after his release from prison increased his sentence and constituted plain error that affected his substantial rights. Second, Vasquez-Ramos asserts that the district court committed plain error that affected his substantial rights when it sentenced him pursuant to an unconstitutional mandatory sentencing guideline scheme. He concedes that he raised his *Booker*-related challenges for the first time in a petition for a writ of certiorari.

Absent extraordinary circumstances, we will not consider a *Booker*-related claim presented for the first time in a petition for a writ of certiorari. *See United States v. Taylor*, 409 F.3d 675, 676 (5th Cir. 2005). To demonstrate extraordinary circumstances, Vasquez-Ramos must "show a possibility of injustice so grave as to warrant disregard of usual procedural rules." *United States v. Ogle*, 415 F.3d 382, 384 (5th Cir. 2005) (citation and internal quotation omitted), *cert. denied*, — S. Ct. —, 2005 WL 3038483 (U.S. Dec. 12, 2005) (No. 05-7454). This burden is "more exacting" than that which is required to show plain error. *Id.*

Under the plain error standard of review, the appellant must show that (1) there is an error (2) that is clear or obvious and (3) that affects his substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). Any impermissible fact-finding by the district court, as well as the district court's belief that the sentencing guidelines were mandatory, constituted error that was plain. *See United States v. Mares*, 402 F.3d 511, 520–21 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005); *Martinez-Lugo*, 411 F.3d at 600. However, Vasquez-Ramos has failed to demonstrate, with a probability sufficient to undermine confidence in the outcome, that the error affected his substantial rights. *See Mares*, 402

F.3d at 520–21. Accordingly, he has not shown plain error.  Since Vasquez-Ramos cannot even meet the plain error standard, he cannot meet "the much more demanding standard for showing extraordinary circumstances."  *See Taylor*, 409 F.3d at 677.

Additionally, Vasquez-Ramos argued in his initial brief and in his petition for a writ of certiorari that the provisions of 8 U.S.C. § 1326(b) are unconstitutional.  Vasquez-Ramos concedes that his argument is foreclosed by  *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).  *See United States v. Bonilla-Mungia*, 422 F.3d 316, 318–19 (5th Cir. 2005).

Vasquez-Ramos wishes to raise, to preserve for further review, arguments challenging the validity of our opinions in *Mares* and *United States v. Scroggins*, 411 F.3d 572 (5th Cir. 2005).  As he concedes, his arguments are foreclosed.  *See United States v. Eastland*, 989 F.2d 760, 768 n.16 (5th Cir. 1993).

Because nothing in the Supreme Court's *Booker* decision requires us to change our prior affirmance in this case, we therefore reinstate our judgment affirming Vasquez-Ramos's conviction. The judgment of the district court is AFFIRMED.