# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 22, 2010

Lyle W. Cayce
Clerk

No. 09-40169
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REGINALD STANLY STROTHER,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 1:06-CR-182-1

Before JONES, Chief Judge, and DAVIS and WIENER, Circuit Judges.

PER CURIAM:[*]

Reginald Stanly Strother has appealed pro se from his conviction of possession with intent to distribute 50 grams or more of cocaine base, a violation of 21 U.S.C. § 841(a). Strother's motions for leave to file a supplemental brief and a reply brief are GRANTED. Strother complains that he was not provided with copies of "the docket sheet, pre-trial motions filed with this court, the actual suppression hearing minutes and etc." Although this contention may be construed as a motion to supplement the record, the motion is DENIED, as

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Strother does not state with sufficient specificity what portions of the record were not provided to him or how the absence of those documents impaired his ability to present his issues on appeal.

After Strother's case was tried before a jury, Strother moved for a new trial and his motion was granted. Strother contends, in relation to the first trial, that he received ineffective assistance of counsel because one of his attorneys labored under a conflict of interest by representing a Government witness and that his right to due process was violated because of prosecutorial misconduct related to that witness's testimony. This claim is moot because Strother was granted a new trial. Strother contends also that his right against double jeopardy was violated because his retrial was the product of prosecutorial misconduct. Strother has not shown and the record does not reflect that the prosecutor intended to provoke a mistrial. *See Oregon v. Kentucky*, 456 U.S. 667, 679 (1982).

Strother contends for the first time in his reply brief that the district court erred in denying his first motion to suppress. Strother contended that the cocaine base found during a search of his vehicle and any of his statements about the offense or giving consent to search should be suppressed. The drugs were found during a search of Strother's vehicle as part of a valid traffic stop. The record reflects that Strother gave consent to the search while the police officers were waiting for a reasonable period of time for a return on a record check and that the consent was not the product of coercion or improper questioning. *See United States v. Santiago*, 310 F.3d 336, 341 (5th Cir. 2002). Strother has not shown that this court should set aside its usual rule against considering issues that were not raised in an appellant's original brief. *See United States v. Ogle*, 415 F.3d 382, 383-84 (5th Cir. 2005).

Strother contends that the district court erred in denying his second motion to suppress, in which Strother contended that his post-arrest statements should be suppressed because the arresting officer failed to admonish him of his

constitutional rights in accordance with *Miranda v. Arizona*, 384 U.S. 436, 479 (1966). The district court's finding that the arresting officer gave Strother the complete *Miranda* warning was not clearly erroneous. *See United States v. Waldrop*, 404 F.3d 365, 367-68 (5th Cir. 2005); *see also Florida v. Powell*, 130 S. Ct. 1195, 1204 (2010); *Miranda*, 384 U.S. at 479.

Strother complains that his post-arrest confession that the drugs were his was "the product of police threats and coercion" and that the district court erred in admitting evidence of the confession. Strother contends that the arresting officer threatened to charge his girlfriend and mother with possessing the cocaine base and that he confessed in order to protect them from prosecution.

Because Strother did not object at trial to admission of the evidence, we review the question whether the district court erred in permitting the arresting officer to testify about Strother's confession for plain error. *See United States v. Rogers*, 126 F.3d 655, 657 (5th Cir. 1997). To show plain error, Strother must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 129 S. Ct. 1423, 1429 (2009). If Strother makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

The record reflects that, after Strother was given his *Miranda* warnings, he waived his right to remain silent by continuing to speak with the arresting officer. *See Soffar v. Cockrell*, 300 F.3d 588, 593 (5th Cir. 2002). The evidence does not show that the arresting officer overreached. *See Colorado v. Connelly*, 479 U.S. 157, 170 (1986); *United States v. Guanespen-Portillo*, 514 F.3d 393, 403 (5th Cir. 2008). The district court did not plainly err in failing to suppress evidence of the confession. *See Puckett*, 129 S. Ct. at 1429.

Strother contends that the district court erred in denying his motion for a new trial following the retrial, in which Strother argued that the prosecutor had violated his right to due process by encouraging his girlfriend, whom he

intended to call as a witness, to invoke her right against self incrimination. We review the denial of a motion for a new trial for an abuse of discretion. *United States v. Jimenez*, 509 F.3d 682, 691 (5th Cir. 2007).

The record reflects that the witness overheard the prosecuting attorney advise the witness's attorney that she was at risk of being prosecuted for perjury or for possession of the drugs if she elected to testify. "A prosecutor is always entitled to attempt to avert perjury and to punish criminal conduct." *United States v. Viera*, 839 F.2d 1113, 1114-15 (5th Cir. 1988) (en banc) (quote at 1115). Thus, it was not improper for the prosecuting attorney to seek to prevent the introduction of testimony that he reasonably believed would be untruthful. *See id.* Moreover, Strother has not shown that the witness's testimony would have been material or exculpatory and the evidence of Strother's guilt was overwhelming. *See id.* at 1115. Thus, Strother cannot show that he was deprived of a fair trial because of the prosecuting attorney's conduct. *See United States v. Hernandez-Guevara*, 162 F.3d 863, 874 (5th Cir. 1998). The district court did not abuse its discretion in denying the motion for a new trial. *See Jimenez*, 509 F.3d at 691.

Strother contends that the district court erred in denying his motion to dismiss the indictment, in which he challenged the district court's jurisdiction, arguing that Title 21 of the United States Code has never been enacted into positive law. Strother argues that Title 21 was not an "Act of Congress" because it is not "included in the Statutes at Large and published in the Federal Register." Strother contends also that the district court lacked jurisdiction because the State of Texas is not a federal territory and because the state did not legally cede constitutional legislative jurisdiction to the federal government. These contentions are specious. *See Gonzales v. Oregon*, 546 U.S. 243, 249 (2006) (discussing enactment of the Controlled Substances Act (CSA)); *Gonzales v. Raich*, 545 U.S. 1, 12-13 (2005) (discussing Congress' enactment of the CSA pursuant to its authority under the Commerce Clause); *see also* U.S. CONST. ART.

4

I § 8, cl. 17 (cited by Strother, pertaining to the creation and exercise of congressional authority over the District of Columbia).

Strother contends in his reply brief that the district court failed to comply with FED. R. CRIM. P. 32(i)(1)(A).  Strother has not shown that his substantial rights were affected by any error on the part of the district court in determining whether he had an adequate opportunity to read and discuss the presentence report with his attorney.  *See* FED. R. CRIM. P. 52(a) (harmless error standard). Moreover, Strother has not shown that this court should set aside its usual rule against considering issues that were not raised in an appellant's original brief. *See Ogle*, 415 F.3d at 383-84.  To the extent that Strother wishes to assert a claim of ineffective assistance of counsel related to the district court's noncompliance with Rule 32(i)(1)(A), we decline to consider it at this juncture. *See Gulley*, 526 F.3d at 821.  The judgment is

AFFIRMED.