NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0339n.06

No. 09-4475

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*May 20, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| NUO VESELI, | ) |
| | ) |
| Petitioner, | ) ON PETITION FOR |
| | ) REVIEW OF FINAL ORDER |
| v. | ) FROM THE BOARD OF |
| | ) IMMIGRATION APPEALS |
| | ) |
| ERIC HOLDER, JR., Attorney General, | ) |
| | ) O P I N I O N |
| Respondent. | ) |

BEFORE:    McKEAGUE and WHITE, Circuit Judges; ZOUHARY, District Judge.[*]

**PER CURIAM.** Petitioner Nuo Veseli is a native and citizen of the former Federal Republic of Yugoslavia and what is now Kosovo. He is an ethnic Albanian who left Kosovo in 1990 while it was under Serbian rule. He seeks asylum, withholding of removal and protection under the Convention Against Torture, claiming he was mistreated by Serbian police on two occasions. First, Veseli claims that after a May 1989 protest, he was detained by police for three to five hours, during which time he was beaten, interrogated, and his feet placed in cold water. Second, Veseli claims that in June 1989, he was again detained by police and interrogated for some seven hours, but was not physically abused. Veseli did not disclose these alleged abuses either in his asylum application or during a 1997 hearing before an immigration judge ("IJ"), and it was not until the Board of

---

[*]The Honorable Jack Zouhary, United States District Judge for the Northern District of Ohio, sitting by designation.

Immigration Appeals ("BIA") remanded Veseli's case for a second merits hearing in 2008 that he disclosed these two detentions.

In this appeal, Veseli challenges two determinations made by the IJ, which were affirmed by the BIA: (1) Veseli was not credible because of omissions and inconsistencies in his testimony and his asylum application; and (2) even assuming Veseli was credible, he failed to demonstrate he suffered past persecution or a well-founded fear of future persecution. Because we find the resolution of the credibility determination dispositive, we decline to address the second challenge.

The new standards adopted by the REAL ID Act for credibility determinations do not apply here because Veseli filed his asylum application prior to May 11, 2005. *See Yacoub v. Holder*, 337 F. App'x 511, 514 (6th Cir. 2009). Credibility determinations are considered findings of fact, and are reviewed under the substantial evidence standard. *Yu v. Ashcroft*, 364 F.3d 700, 703 (6th Cir. 2004). An "immigration judge's conclusion must be supported by specific reasons and must be based upon issues that go to the heart of the applicant's claim. In other words, [i]f discrepancies cannot be viewed as attempts by the applicant to enhance his claims of persecution, they have no bearing on credibility." *Chen v. Gonzales*, 447 F.3d 468, 472 (6th Cir. 2006) (citations and quotation marks omitted). We cannot reverse such findings simply because we would have decided them differently. *Gishta v. Gonzales*, 404 F.3d 972, 978 (6th Cir. 2005). Rather, "[t]hese findings 'are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary.'" *Id.* (quoting 8 U.S.C. § 1252(b)(4)(B)).

The IJ and BIA, in finding Veseli not credible, specifically relied upon Veseli's belated disclosure of alleged police mistreatment. In fact, during the 1997 hearing, Veseli was asked about his general encounters with police and he specifically testified that he was not detained, arrested or beaten in 1989. Further, Veseli failed to include these incidents in his amended asylum application, even though he was given two opportunities to do so.

When asked by the IJ why these incidents were not included in his asylum application or disclosed to the previous IJ during the 1997 hearing, Veseli offered several unsatisfactory explanations, including that he was "never asked" about the incidents, he believed the written statement submitted with his application provided only general information and expected the IJ to ask him about more specific details at the hearing, and he did not want to stray from his written statement out of fear the IJ would not believe his testimony. The IJ, however, could not inquire into incidents about which he had no knowledge. These explanations do not compel a finding that Veseli was credible. Adding claims of mistreatment by Serbian police officers can properly be viewed as a misguided attempt to enhance his claim for asylum. The IJ and BIA did not err in concluding that these inconsistencies made Veseli not credible. *See Ramaj v. Gonzales*, 466 F.3d 520, 528 (6th Cir. 2006).

The Petition for Review is **DENIED**.