**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**FILED**
January 14, 2020

Lyle W. Cayce
Clerk

No. 19-10051

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR BECERRA-SANDOVAL, also known as Edgar Beceria-Sandoval,

Defendant-Appellant

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 1:18-CR-46-1

Before HIGGINBOTHAM, STEWART, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Edgar Becerra-Sandoval pleaded guilty to illegal reentry after deportation and was sentenced to 71 months of imprisonment and three years of supervised release. Becerra-Sandoval argues on appeal that the district court failed to comply with Federal Rule of Criminal Procedure 32(i)(1)(A), and thus violated his right to due process, when it failed to sua sponte continue the sentencing hearing after he stated in open court that he had not reviewed the presentence report (PSR) with defense counsel. Instead, the district judge

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

relied on defense counsel's countervailing statements that he had twice reviewed the PSR with Becerra-Sandoval.

Citing the dissent to the Sixth Circuit's decision in *United States v. Tate*, 516 F.3d 459, 472–73 (6th Cir. 2008) (Moore, J., dissenting), involving a similar factual scenario, Becerra-Sandoval argues that he preserved this issue for review when he informed the district court at sentencing that he had not reviewed the PSR. However, his statements at sentencing were not sufficiently specific to preserve his argument on appeal that the district court failed to comply with Rule 32(i)(1)(A) by not sua sponte recessing the sentencing hearing. *See United States v. Nesmith*, 866 F.3d 677, 679 (5th Cir. 2017); *United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). Accordingly, plain-error review applies. To show plain error, Becerra-Sandoval must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error, and that discretion "ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, brackets, and citation omitted).

Becerra-Sandoval has not provided any controlling authority showing that differing responses from the defendant and defense counsel regarding review of the PSR require the district court to sua sponte recess the sentencing hearing to allow the defendant to review the PSR, rather than making a credibility determination.[1] *Cf. United States v. Esparza-Gonzalez*, 268 F.3d 272, 274 (5th Cir. 2001) (declining to "interpret Rule 32 as creating an absolute requirement that the district court specifically ask a defendant whether he has

---

[1] Nevertheless, we note that when confronted with conflicting responses, allowing a brief recess would avoid unnecessary challenges and facilitate unquestioned fairness in the sentencing procedure.

No. 19-10051

read the [PSR]" and instead allows the district court to "draw reasonable inferences from court documents, the defendant's statements, and counsel's statements to determine whether the defendant has been given an opportunity to read the PSR with his counsel"). Accordingly, he has not demonstrated any error that was clear or obvious. *See Puckett*, 556 U.S. at 135; *United States v. Garcia-Rodriguez*, 415 F.3d 452, 455–56 (5th Cir. 2005).

Moreover, despite having ample time between the sentencing hearing and the filing of his appellate brief, he does not provide any facts or arguments explaining what objections he would have made if given the opportunity to review the PSR or how those objections would have affected the outcome of the district court proceedings. Accordingly, he has not shown that his substantial rights were affected by the district court's failure to sua sponte recess the case. *See Puckett*, 556 U.S. at 135.

In light of the foregoing, Becerra-Sandoval has not demonstrated that the district court committed plain error by failing to sua sponte recess the sentencing hearing. *See id.* Accordingly, the district court's judgment is AFFIRMED.[2]

---

[2] Even if we were to conclude that Becerra-Sandoval sufficiently articulated his objection at sentencing and assume that the district court failed to adequately comply with Rule 32(i)(1)(A), we would reach the same result because the error was harmless in this case. "[A]ny error, defect, irregularity, or variance that does not affect substantial rights" is harmless and "must be disregarded." Fed. R. Crim. P. 52(a); *see also Esparza-Gonzalez*, 268 F.3d at 274 (recognizing that noncompliance with the verification requirement of Rule 32 does not require automatic reversal absent a showing of prejudice); *United States v. Soltero*, 510 F.3d 858, 863 (9th Cir. 2007) (holding "if it is clear that no prejudice resulted from a court's failure to comply with the letter of Rule 32(i)(1)(A), the error is harmless, and resentencing is unnecessary"). The substantial-rights analysis is the same under both harmless error and plain error review, with the "important" distinction that the government bears the burden of proving harmless error. *See United States v. Olano*, 507 U.S. 725, 734–35 (1993). Given the absence of any apparent errors in the PSR—either reflected in the record or raised in the appellant's brief—that would have impacted the sentence, we find that the government has met its burden of showing that Becerra-Sandoval was not prejudiced by the sentencing judge's alleged failure to verify that he had an opportunity to read and discuss the PSR with his attorney. As the government emphasizes, Becerra-Sandoval has not

identified *any* factual inaccuracies in the PSR that he was prevented from disputing, nor does he allege that a disputed fact or legal conclusion, if successfully challenged, would have resulted in him receiving a lesser sentence.  A brief recess would not have changed the district court's sentence that it explicitly imposed to address the objectives of punishment and deterrence.  Thus, because Becerra-Sandoval's substantial rights were not affected, any violation of Rule 32(i)(1)(A) was harmless and does not warrant resentencing.  *See United States v. Strother*, 387 F. App'x 508, 512 (5th Cir. 2010); *United States v. Sarabia-Villanta*, 234 F.3d 706, 706 (5th Cir. 2000); *United States v. Maldonado*, 58 F.3d 637 (5th Cir. 1995).