# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 2, 2020

Lyle W. Cayce
Clerk

No. 18-41055
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOAQUIN RAMOS DE LA CRUZ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:17-CR-289-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

Joaquin Ramos De La Cruz pleaded guilty to one count of possession of a firearm by a felon. He now appeals his conviction and his 204 month sentence.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 18-41055

First, De La Cruz argues that the district court reversibly erred by imposing three special conditions of supervised release for the first time in its written judgment, without pronouncing such terms at sentencing. Specifically, he challenges the conditions stating that he must participate in an inpatient or outpatient alcohol-abuse treatment program under the supervision of his probation officer and that he pay the costs of the program if financially able to do so (special condition 2); he may not use or possess alcohol (special condition 5); and he may not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances, including synthetic marijuana or bath salts, that impair a person's physical or mental functioning, whether or not intended for human consumption without the prior approval of the probation officer (special condition 6). The Government agrees with De La Cruz.

As these three special conditions are discretionary under 18 U.S.C. § 3583, the district court was required to pronounce them at sentencing. *See United States v. Diggles*, 957 F.3d 551, 559 (5th Cir. 2020) (en banc). We agree with the parties that a conflict exists between the written and oral pronouncement and the written judgment must be amended to conform with the oral pronouncement by excising the aforementioned special conditions.

Second, De La Cruz contends that a Texas aggravated robbery conviction cannot serve as a predicate offense under the force clause of the ACCA. He argues that the Texas robbery and aggravated robbery statutes are indivisible under Supreme Court precedent. He further contends that an aggravated robbery conviction does not qualify under the force clause because a conviction can be obtained without any confrontation between the defendant and the victim and a conviction can be obtained based on recklessly causing injury. In *United States v. Lerma*, 877 F.3d 628, 633-34 (5th Cir. 2017), this court held that the Texas aggravated robbery statute is divisible. Furthermore, this court in *United States v. Burris*, 920 F.3d 942, 945, 953-58

(5th Cir. 2019), determined that a Texas aggravated robbery requires the "use, attempted use, or threatened use of physical force," and thus, such a conviction is a violent felony under the ACCA's force clause.  Both *Lerma* and *Burris* remain binding precedent absent an intervening change in the law. *See United States v. Alcantar*, 733 F.3d 143, 146 (5th Cir. 2013).  Thus, as he concedes, his arguments are foreclosed.

Next, De La Cruz argues that this court's interpretation of the force clause in *United States v. Reyes-Contreras*, 910 F.3d 169 (5th Cir. 2018) (en banc), violates the Due Process Clause's fair warning requirement. However, in *Burris,* this court rejected this same due process challenge.  920 F.3d at 952-53 (internal quotations and citation omitted).    Thus,  the argument concerning the retroactive application of *Reyes-Contreras* is also foreclosed, which De La Cruz concedes.

Finally, De La Cruz argues that under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the district court reversibly erred by enhancing his sentence because the indictment did not charge, the jury did not find, and he did not admit to the predicate facts for an ACCA enhancement.  In *Almendarez-Torres*, 523 U.S. at 239-47, the Supreme Court held that for purposes of a statutory sentencing enhancement, a prior conviction is not a fact that must be alleged in an indictment or found by a jury beyond a reasonable doubt. This court has determined that subsequent Supreme Court decisions did not overrule *Almendarez-Torres*.  *See United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014); *United States v. Pineda-Arrellano*, 492 F.3d 624, 625-26 (5th Cir. 2007).  Thus, as he concedes, his argument is foreclosed.

De La Cruz moves to file a supplemental brief to raise an entirely new argument based on *Rehaif v. United States*, 139 S.Ct. 2191 (2019).  Generally, an argument not raised in appellant's original brief is waived.  *See United States v. Ogle*, 415 F.3d 382, 383 (5th Cir. 20015).  De La Cruz has failed to

show extraordinary circumstances that would justify deviation from this rule. *See id.*

Accordingly, the judgment of the district court is AFFIRMED IN PART, VACATED IN PART, and REMANDED to the district court for the limited purpose of conforming the written judgment with the oral pronouncement of the sentence. De La Cruz's motion to file a supplemental brief is also DENIED, and the Government's motion to file a supplemental brief is DENIED AS MOOT.